■ PAMELA GASCOYNE et al., Plaintiffs, v OCCIDENTAL CHEMICAL CORPORATION, Defendant and Third-Party Plaintiff-Respondent. JOSEPH DAVIS, INC., Third-Party Defendant, and TRANSCONTINENTAL INSURANCE COMPANY, Also Known as CNA INSURANCE COMPANY, Third-Party Defendant-Appellant. [804 NYS2d 176]—

Appeal from a judgment (denominated order) of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered November 23, 2004. The judgment, inter alia, granted the motion of defendant and third-party plaintiff for summary judgment and denied the cross motion of third-party defendant Transcontinental Insurance Company, also known as CNA Insurance Company, for summary judgment.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Pamela Gascoyne (plaintiff) when she slipped on an icy road while walking to her work site. Defendant, the owner of the work site, commenced a third-party action against plaintiff's employer and Transcontinental Insurance Company, also known as CNA Insurance Company (CNA), which had issued a policy to plaintiff's employer for the project. Supreme Court properly granted the motion of defendant and third-party plaintiff for summary judgment declaring that CNA is obligated to defend and indemnify it in the underlying action

commenced by plaintiffs. The insurance policy at issue covered " 'employees' . . . for acts within the scope of their employment . . . or while performing duties related to the conduct of . . . business." Contrary to CNA's contention, plaintiff was engaged in an act within the meaning of that policy language at the time of her injury. It is undisputed that plaintiff had signed in at a guard shack and was walking toward trailers at her work site when she slipped and fell. "[B]ecause [plaintiff's] work necessarily required [her] to use the [road] to . . . reach and leave [her] workplace, the injuries in the underlying action arose out of the work [within the meaning of the policy language]" (*Daily News v OCS Sec.*, 280 AD2d 576, 577 [2001]). Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Pine and Hayes, JJ.